J-S05024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN EARL POOLE, JR. | : | |
| | : | |
| Appellant | : | No. 1034 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 15, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001472-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED MARCH 20, 2019**

Appellant John Earl Poole, Jr. appeals from the judgment of sentence of an aggregate sentence of thirty to sixty years' imprisonment following an open guilty plea to one count of third-degree murder[1] and one count of robbery.[2] Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[3] brief. We affirm and grant counsel's petition to withdraw.

We adopt the facts set forth in the trial court's opinion. ***See*** Trial Ct. Op., 10/16/18, at 1. On March 15, 2018, Appellant entered an open guilty

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

[2] 18 Pa.C.S. § 3701(a)(1)(i).

[3] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

plea and was sentenced as set forth above. He also signed a written acknowledgment of his post-sentence and appellate rights, including his right to file a post-sentence motion. Appellant did not challenge his sentence at the hearing or file a post-sentence motion. On July 13, 2018, the court docketed Appellant's *pro se* notice of appeal *nunc pro tunc*, which was dated July 10, 2018.[4] On July 18, 2018, the court ordered Appellant to comply with Pa.R.A.P. 1925(b). Appellant, also on July 18, 2018, filed a Rule 1925(b) statement, apparently unaware of the court's order.

On August 10, 2018, Appellant requested representation by the Public Defender's Office, which agreed to represent Appellant that week. On August 17, 2018, Appellant's counsel filed a petition to file a counseled Rule 1925(b) statement *nunc pro tunc*, which the court granted. After several continuances, Appellant's counsel filed a Rule 1925(c)(4) statement of intent to file **Anders/Santiago** brief.

Appellant's counsel has now filed a petition to withdraw and an **Anders/Santiago** brief with this Court.

In the **Anders/Santiago** brief, counsel identifies three questions:

1. Did the trial court commit an abuse of discretion when it imposed Appellant's sentence given the circumstances of the case and Appellant's lack of violent history?

2. Did trial counsel not sufficiently plead Appellant's case because he was a family friend of the victim's family?

_____

[4] The record did not include a postmarked envelope.

3. Should Appellant have received a psychiatric evaluation during the pendency of his case?

***Anders*/*Santiago*** Brief at 8. Appellant did not file a *pro se* response with this Court, although he filed a *pro se* application for writ of *coram nobis*, which this Court forwarded to Appellant's counsel under **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011).[5]

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Wimbush**, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). We set forth the requirements for withdrawal in **Commonwealth v. Orellana**, 86 A.3d 877 (Pa. Super. 2014):

> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in **Commonwealth v. Santiago** . . . . The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[5] We address Appellant's petition below.

> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief."

*Orellana*, 86 A.3d at 879-80 (some citations omitted). If counsel complies with these requirements, then "we will make a full examination of the proceedings in the [trial] court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Id.* at 882 n.7 (citation omitted). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Appellant's counsel's brief and petition to withdraw comply with the technical requirements of *Anders* and *Santiago*. *See Orellana*, 86 A.3d at 879-80. Appellant's counsel's brief summarizes the procedural history and facts, includes arguments that could support the issue raised on appeal, and cites legal authority to support its conclusion that the appeal is frivolous. Appellant's counsel also served Appellant with a copy of the brief and petition to withdraw, and the petition advised Appellant of his right to retain new counsel or proceed *pro se* to raise any points that he deems worthy of this Court's attention. We conclude that Appellant's counsel has met the

requirements of *Anders* and *Santiago*, and will therefore address the issues raised in the *Anders/Santiago* brief.

For the first issue, Appellant's counsel suggests the trial court abused its discretion by imposing a "manifestly excessive sentence" given the facts and Appellant's non-violent past. *Anders/Santiago* Brief at 13. Appellant's counsel acknowledges that Appellant did not move for post-sentence relief, and therefore has waived the issue. *Id.* at 14. With respect to the merits, Appellant's counsel observes that Appellant's sentence does not exceed the statutory maximum and he also received all credit for time served. *Id.*

We state the well-settled guidelines to challenge the discretionary aspects of a sentence:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) (citation omitted). In *Tukhi*, counsel filed an *Anders/Santiago* brief, which challenged the discretionary aspects of the defendant's sentence. *Id.* The *Tukhi* Court held that the defendant waived the issue by not preserving the

issue at the sentencing hearing or in a post-sentence motion. *Id.* Instantly, Appellant, like the defendant in *Tukhi*, failed to raise his sentencing challenge before the trial court and therefore has waived it. *See id.*

The second claim identified by Appellant's counsel is that trial counsel was biased because he was a friend of the victim's family. *Anders/Santiago* Brief at 15. Appellant's counsel asserted that Appellant learned that the victim's family made statements on Facebook that Appellant's trial counsel was a family friend. *Id.* at 16. Appellant's counsel noted that at the plea hearing, trial counsel stated that he represented the victim's brother-in-law and spouse in 1997, and on "minor things subsequently." *Id.* at 15.[6] According to Appellant's counsel, trial counsel reiterated that "he had not had any discussions with [the victim's family] since he commenced his representation of Appellant, except for one of their children saying hello to him in the court house two or three weeks prior." *Id.* at 16. "Trial counsel did not even recognize this person and only learned who it was by asking a third party." *Id.* Appellant's counsel further noted that Appellant, in response to the trial court's query, agreed that trial counsel's ability to represent Appellant had not been compromised. *Id.*

_____

[6] The plea hearing transcript states that Appellant's trial counsel believed that he last represented the victim's brother-in-law in 2009. N.T. Plea, 3/15/18, at 11.

The Pennsylvania Supreme Court has stated the following: "To establish that an actual conflict of interest burdens counsel, an appellant must show that counsel actively represented conflicting interests, and the actual conflict adversely affected counsel's performance." *Commonwealth v. Padilla*, 80 A.3d 1238, 1248 (Pa. 2013) (quotation marks, brackets, and citations omitted). Here, Appellant's trial counsel last represented the victim's brother-in-law in 2009—nine years before Appellant's representation. *See* N.T. Plea at 11. We agree with Appellant's counsel that this issue is frivolous because Appellant did not establish trial counsel's active representation of conflicting interests, let alone that any purported conflict negatively impacted trial counsel's advocacy. *See Padilla*, 80 A.3d at 1248.

Lastly, Appellant's counsel contends that Appellant should have received a psychiatric evaluation and never received a mental health evaluation allegedly ordered by the magisterial district judge after Appellant's preliminary arraignment. *Anders/Santiago* Brief at 17. Appellant's counsel concludes that to the extent the issue implicates the validity of Appellant's plea, he is not due relief because, among other reasons, he did not challenge the validity of his plea either at the plea colloquy or in a timely filed post-sentence motion. *Id.* We agree. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) (stating, a "defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or

file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." (citations omitted)).

As noted above, we briefly address Appellant's *pro se* application for a writ of *coram nobis*, which Appellant filed with this Court. Appellant's application asks for relief based on the following:

> 1.) [Appellant] petitions this court for such a(n) order, to review it's [sic] ea[r]lier decision to sentence [Appellant] to 30 to 60 years without a p[]sycological evaluation, of which was deemed nec[]essary by the lower magistrate court; but not taken care of by Mr. Poole's private paid attorney, nor this Honorable Court.
>
> 2.) Errors not obvious at the . . . decision [sic] was made to sentence [Appellant], are as follows:
>
> > a) error of the common pleas court not ordering [Appellant] to be mentally evaluated.
> >
> > b) error of [Appellant]'s private paid attorney not raising this issue of evaluation to the common pleas court's attention.

Appellant's *Pro se* Appl. for Writ of *Coram Nobis*, 1/4/19, at 1 (full capitalization omitted).

Although there is no indication that Appellant considered his *pro se* application a response to counsel's **Anders/Santiago** brief, to the extent it could be construed as such, **see generally Commonwealth v. Bennett**, 124 A.3d 327, 333-34 (Pa. Super. 2015), it reiterates the issues raised in the **Anders** brief, which we have held are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues in this appeal. **See Flowers**, 113 A.3d at 1250. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

- 8 -

Petition to withdraw granted. Application to discontinue appeal denied as moot. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2019